# George C. Henszey and Leonardo S. Clark, Trustees under the Will of Margaret A. Henszey, deceased, v. Annie Gross, Jeremiah G. Snow and William Craven. Appeal of William F. Parker.

*Decedents' estates—Intestate law—Real estate—Half blood—Act of April 8, 1833, sec. 9.*

Under the Act of April 8, 1833, P. L. 315, sec. 9, where an intestate dies seized of real estate inherited from his father and leaving to survive him an aunt who is a sister of the whole blood of his father, and a half-brother who is not of the blood of the father, the aunt, and not the half-brother, is entitled to take the real estate.

Argued March 23, 1898. Appeal, No. 452, Jan. T., 1897, by William F. Parker, from judgment of C. P. No. 1, Phila. Co., March Term, 1897, No. 485, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title of real estate..

From the case stated it appeared that John S. Moore, the younger, inherited the real estate in question from his father, John S. Moore, the elder, and died seized of it, intestate, unmarried and without issue, leaving to survive him at the time of his death his mother, Elizabeth E. Parker (divorced from his father, and now deceased), a half-brother, William F. Parker,

who is a son of Elizabeth E. Parker by a second husband, and an aunt, Margaret A. Henszey, being a sister of the whole blood of his father, John S. Moore, the elder.

The case stated was to determine whether the real estate in question passed to Margaret A. Henszey, or to William F. Parker upon the death of the intestate.

The court entered judgment in favor of the plaintiffs.

*Error assigned* was in entering judgment in favor of plaintiffs.

*Walter E. Rex*, for appellant, cited, Lewis v. Gorman, 5 Pa. 164; Gardner v. Collins, 2 Pet. (U. S.) 87; Beebee v. Griffing, 14 N. Y. 241; Den v. Jones & Searing, 3 Halst. (N. J.) 346; Baker v. Chalfant, 5 Whart. 477; Irwin v. Covode, 24 Pa. 162; May v. Espenshade, 1 Pearson; 139; Maffit v. Clark, 6 W. & S. 258; Hart's App., 8 Pa. 32; Culbertson v. Duly, 7 W. & S. 175; Walker v. Dunshee, 38 Pa. 430; Danner v. Shissler, 31 Pa. 289; Moyer v. Thomas, 38 Pa. 426; Roberts's App., 39 Pa. 417; Brower v. Hunt, 18 Ohio, 311.

*Walter E. Brand* and *William C. Hannis*, for appellees, cited, Purd. Digest. 1068, Pl. 15; Maffit v. Clark, 6 W. & S. 258; Roberts's App., 39 Pa. 417; Lewis v. Gorman, 5 Pa. 164; Bevan v. Taylor, 7 S. & R. 397; Perot's App., 102 Pa. 235; Irwin v. Covode, 24 Pa. 162; Walker v. Dunshee, 38 Pa. 430; Gilmore v. Ross, 2 Pitts. 500; Clepper v. Livergood, 5 W. 113; Eckert's Est., 5 W. N. C. 452; Baker v. Chalfant, 5 Whart. 477.

Per Curiam, April 4, 1898:

All the facts upon which this contention depends are fully set forth in the case stated for the opinion of the court below. On those facts it was rightly held that upon the death of John S. Moore, the younger, the real estate in question descended under our intestate law to and vested in Margaret Henszey, subject to a life estate therein in favor of Elizabeth E. Parker, now deceased; and accordingly judgment in favor of the plaintiffs was rightly entered.

Any doubt that might otherwise exist as to the proper con-

struction of the act is dispelled by the comprehensive and emphatic language of the ninth section which declares: " That no person who is not of the blood of the ancestors or other relations from whom the real estate descended, or by whom it was given or devised to the intestate, shall in any of the cases before mentioned take any estate of inheritance therein, but, such real estate, subject to such life estate as may be in existence by virtue of this act, shall pass to and vest in such other persons as would be entitled by this act if the persons, not of the blood of such ancestor or other relation, had never existed, or were dead at the decease of the intestate." In express terms, this provision applies to each and all " of the cases before mentioned " in the act.

We find no error in the judgment, and it is therefore affirmed.